**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION,**

JONATHAN HUMPHRIES EL,

      **Plaintiff,**

v.                                                              **Case No: 6:25-cv-1125-JSS-DCI**

CITY OF OCOEE MUNICIPAL CORP.,
et. al.,

      **Defendants.**

                             /

**ORDER**

This matter is before the Court on the Motions to Quash Plaintiff's Summonses and Service of Process or, in the Alternative, to Dismiss Plaintiff's Complaint filed by Defendants William Wagner and Josh Bode.  Docs. 22, 29 (the Motions).  Wagner's and Bode's requests to quash service of process are due to be granted.

In June 2025, Plaintiff, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.  The Court dismissed the Complaint, but Plaintiff filed an amended pleading.  Docs. 13, 15.  The Court granted Plaintiff's motion for leave to proceed as a pauper and directed the United States Marshal to serve Plaintiff's summonses and Amended Complaint.  Doc. 18.  On May 21, 2026, executed Returns of Service were filed as to Wagner and Bode.  Docs. 24, 26.  According to the Returns of Service, a records technician was served on April 3, 2026 at the city of Ocoee municipal corp.  *Id*.

Wagner and Bode move to quash the service pursuant to Federal Rule of Civil Procedure 4.  Docs. 22, 29.  Wagner and Bode request relief because they were not personally served with a summons or a copy of the Amended Complaint, "nor were copies properly delivered to [their]

usual place[s] of abode." Doc. 22 at 5; Doc. 29 at 6. Wagner and Bode contend that delivery to the police department where the summonses and Amended Complaints were left with another employee of the city of Ocoee was insufficient. *Id.*

The Court agrees that service should be quashed. Where service of process is insufficient, a district court lacks personal jurisdiction and has no power to render judgment over that defendant. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Further, Rule "12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) (citations omitted).

First, there is no dispute that service was improper as Plaintiff has failed to file a response to either Motion. The requests to quash service are deemed unopposed, and relief is warranted for this reason alone. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Second, service on another employee at the city of Ocoee was not sufficient. Pursuant to Federal Rule of Civil Procedure 4(e), service of process upon an individual may be effected either (1) pursuant to the law of the state in which the district court is located or in which service is effected, or (2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at that individual's dwelling or usual place of abode with some person of suitable age and discretion residing at that residence, or to an authorized agent. Here, the United States Marshal delivered the summonses to a records technician—not Wagner or Bode—at the city of Ocoee municipal corp. Docs. 24, 26.[1] Such service is insufficient.

---

[1] Bode filed the records technician's affidavit attesting to the fact that he is not Bode and is not personally authorized to accept service on behalf of Bode in any civil lawsuit. Doc. 23. The technician also states that he was not asked to sign any document reflecting receipt of the summons or Amended Complaint, and he did not receive a summons addressed to Michael Alexander or William Wagner on April 20, 2026, or "any time thereafter." *Id*.

*See Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (finding that a plaintiff had not properly served a police officer under Florida law after plaintiff left the summons and complaint at the officer's place of employment); *Morales v. Hillsborough Cnty. Sheriff's Off.*, 2025 WL 3246889, at *1 (M.D. Fla. Nov. 18, 2025) (same); *Halbig v. Lake Cnty. Fla.*, 2022 WL 17542863, at *1 (M.D. Fla. May 25, 2022) (same).

As such, being that there is no dispute that Plaintiff failed to sufficiently serve Wagner and Bode, the Court finds that service is due to be quashed. The Court will, therefore, not reach Wagner or Bode's alternative requests to dismiss the claims for failure to state a claim. *See Allah El v. Avesta Homes*, 2012 WL 515912, at *4 (M.D. Fla. Feb. 16, 2012) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (citation omitted)). The Court finds that another opportunity to serve is appropriate at this juncture because the Court recently discharged its order to show cause related to service and gave Plaintiff additional time to serve the Defendants. Doc. 28.

Accordingly, it is **ORDERED** that:

1. the Motions (Docs. 22, 29) are **GRANTED in part** to the extent that the services of process on Wagner and Bode are **QUASHED**;

2. the remainder of the Motions (Docs. 22, 29) are **DENIED without prejudice.** Wagner and Bode may respond to the operative complaint in accordance with the Federal Rules of Civil Procedure if Plaintiff perfects service;

3. the Clerk is **DIRECTED** to mail summonses and Marshal 285 forms to Plaintiff so that Plaintiff can perfect service on Wagner and Bode;

4. Plaintiff shall complete and return the summonses and forms to the Court on or before the fifteenth day after the date the Clerk mails the summonses and forms. **Plaintiff is reminded that in the May 28, 2026 order, the Court provided Plaintiff with an additional 90 days to serve Defendants and warned that the failure to properly serve will result in dismissal of said Defendants without further notice.** Doc. 28;

5. Upon receipt of the completed summonses and forms from Plaintiff, the Clerk is **DIRECTED** to provide the completed summonses and forms to the Marshals Service, and upon receipt of the completed summonses and forms from the Clerk, the Marshals Service is **DIRECTED** to serve the summonses without cost to Plaintiff in compliance with Federal Rule of Civil Procedure 4(e).

Ordered in Orlando, Florida on June 26, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -