**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION,**

**JONATHAN HUMPHRIES EL,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1125-JSS-DCI**

**CITY OF OCOEE MUNICIPAL CORP., et. al.,**

**Defendants.**

/

## ORDER AND ORDER TO SHOW CAUSE

Jonathan Humphries El (Plaintiff), proceeding *pro se*, has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against the City of Ocoee Municipal Corporation (the City of Ocoee), Officer Joshua Bode (Bode), Sergeant William Wagner (Wagner), Seargeant Michael Alexander (Alexander), and other unknown law enforcement officers. Doc. 13.

Pending before the Court are Plaintiff's "Motion for Court Assistance in Locating Defendants for Service of Process" (the Motion for Assistance) and "Motion for an Extension of Time to Complete Service of Process" (the Motion for Extension). Docs. 35, 37. Plaintiff has also filed a "Motion to Alert the Court to Retaliatory Conduct and Request for Protective Intervention." Doc. 36 (the Motion to Alert). While the three motions are due to be denied pursuant to Federal Rule of Civil Procedure 11 and Local Rule 1.08, the Court will address them individually and grant Plaintiff's request for additional time for service as to Defendants William Wagner and Joseph Bode only.

## I. Motion for Assistance (Doc. 35)

As an initial matter, Plaintiff did not sign the Motion for Assistance in accordance with Rule 11. Federal Rule of Civil Procedure 11(a) provides: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . .." Plaintiff's typewritten name does not satisfy Rule 11(a). *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("Without a rule change so ordering, the Court is not disposed to extend the meaning of the word 'signed' to permit typed names, as [the plaintiff] urges. Rather the Court reads Civil Rule 11(a) to call for a name handwritten (or a mark handplaced)."); *see also Nwala v. Equifax Info. Servs. LLC*, 2026 WL 817454 (M.D. Fla. Mar. 25, 2026) ("Pursuant to Fed.R.Civ.P. 5 and 11, should [the plaintiff] file an amended complaint, he is directed to provide a handwritten signature.").[1] Further, Plaintiff's single-spaced motion is improper. The Local Rules provide for the typographical requirements for motions, and Plaintiff does not comply. *See* Local Rule 1.08(a). For these reasons alone, Plaintiff's Motion for Assistance fails.

With respect to the merits of the request, the Court previously granted Plaintiff's motion for leave to proceed as a pauper and directed the United States Marshal to serve Plaintiff's summonses and Amended Complaint. Doc. 18. On May 21, 2026, executed Returns of Service were filed as to Defendants William Wagner and Josh Bode. Docs. 24, 26. According to the Returns of Service, the United States Marshal served a records technician at the City of Ocoee Municipal Corporation. *Id.* Both Wagner and Bode moved to quash service of process and argued that delivery to the police department where the summonses and Amended Complaints were left

[1] The Court denied Plaintiff's initial request to proceed as a pauper pursuant to Rule 11 because Plaintiff did not provide a complete address. Doc. 8.

with another employee of the city was insufficient. Docs. 22, 29. The Court granted Defendants Wagner and Bode's motion and directed Plaintiff to complete and return summonses and Marshal 285 forms to allow the Marshals Service to again serve the summonses without cost to Plaintiff. Doc. 32.

Plaintiff did not return the summonses and the Marshal 285 forms and instead filed the Motion for Assistance to help locate Defendants Wagner and Bode for service of process. Doc. 35. Plaintiff states that Defendants Wagner and Bode "continue to utilize procedural technicalities regarding their residential addresses to avoid personal service" and requests that the Court order the Marshals Service to "utilize their investigative capabilities to identify the current residential addresses of Defendants William Wagner and Josh Bode to ensure personal service can be perfected as required by Rule 4(e)." *Id.* at 1. Plaintiff states that he "lacks the investigative resources or legal authority to access the private residential addresses of the individual Defendants, who are law enforcement officers." Doc. 35.

Plaintiff is not entitled to relief. When a plaintiff is granted leave to proceed IFP, the Court must direct the U.S. Marshal to serve process on the plaintiff's behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The Marshals Service's obligation relieves "a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2019); *Giddens v. Brooks Cnty.*, (M.D. Ga. Oct. 29, 2020) ("The USMS must issue service on a defendant, 'thereby relieving a plaintiff of the burden to service[,]' only after plaintiff takes reasonable steps to identify for the court the defendant named in the complaint.") (quoting *Powell v. Indep. Inventory Serv. Inc.*, 516 F. App'x 907, 912 (11th Cir. 2013)).

In the instant case, Plaintiff's statement regarding his perceived lack of resources does not demonstrate that he has made *any* effort, much less taken reasonable steps, to obtain the address of either Defendant Wagner or Bode. While locating the officers' addresses might not be possible, Plaintiff's failure to provide the reasonable steps he has taken to satisfy his burden is fatal to his request. *See Florence-Salmon v. Parker*, 2013 WL 5313309, at *1 to 2 (N.D. Fla. Sept. 23, 2013) (finding that a plaintiff's claim was due to be dismissed under Rule 4(m) after the court advised the plaintiff that it was her obligation to take reasonable steps to identify an address for the defendant and plaintiff failed to provide the address or show good cause for her failure to do so) (citing *Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (finding that the court correctly dismissed the plaintiff's claims for lack of service when the magistrate instructed the plaintiff to provide a current address for a defendant and warned that the failure to do so would result in dismissal) (*Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) ("The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing addresses of the named defendants. . ..")).

Accordingly, Plaintiff is not entitled to relief. If it is Plaintiff's position that he does not need to make reasonable efforts to identify the addresses because Defendants are police officers, then Plaintiff may file a proper motion pursuant to Local Rule 3.01(b) with a legal memorandum in support of the request.

**II. Motion for Extension (Doc. 37)**

Plaintiff also seeks an extension to serve the "remaining Defendants" pending the request for the Court's assistance. Doc. 37. Even though Plaintiff has not demonstrated that he is entitled to the requested assistance at this juncture and Plaintiff's Motion for Extension also does not

comply with Rule 11 or Local Rule 1.08, the Court finds that an additional brief extension of time for service is warranted with respect to Defendants Wagner and Bode. Rule 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Nonetheless, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Rance*, 583 F.3d at 1286.

Here, on May 28, 2026, the Court provided Plaintiff with an additional 90 days to serve Defendants. Doc. 28. While Plaintiff has not demonstrated that he has taken reasonable steps to find the addresses and failed to submit the service forms, Plaintiff at least provided the initial summonses and Marshal 285 forms for Defendants Wagner and Bode. The Court also took some time to address Defendants Wagner and Bode's motions to quash. *See* Doc. 32. Notably, Plaintiff filed the Motion for Assistance and the Motion for Extension before the time to serve expired per the Court's extended deadline. *See* Docs. 28, 35, 37. Plaintiff has not established that the requested assistance is warranted as explained *supra*, but Plaintiff is clearly attempting to litigate this case against Defendants Wagner and Bode. The Court finds that good cause exists for the requested 60-day extension for service on these Defendants.[2]

[2] Plaintiff requests an extension of 60 to 90 days. Doc. 37.

Plaintiff, however, has not demonstrated good cause for an extension to serve Defendant City of Ocoee. The pendency of the Motion for Assistance does not relate to this Defendant, and Plaintiff does not discuss his inability to serve this Defendant at all. In fact, while Plaintiff submitted the initial summonses and the Marshal 285 forms to the Clerk for Defendants Wagner, Alexander, and Bode, Plaintiff did not so for Defendant City of Ocoee. *See* Doc. 21. The Court's extension for an additional 90 days to serve the Defendants has expired (*see* Doc. 28), and Plaintiff has not otherwise filed anything to reflect that he effected service on his own accord. As such, the case against Defendant City of Ocoee is due to be dismissed. *See* Fed.R.Civ.P. 4(m).

Further, Plaintiff has not shown good cause for an extension of time to serve Defendant Alexander. The docket reflects that the summons for Defendant Alexander was returned as the "records technician" at the Ocoee Police Department stated that Defendant Alexander "is no longer employeed [sic] with the police department." Doc. 25. Even so, Plaintiff's Motion for Assistance does not pertain to Defendant Alexander, and Plaintiff does not expressly mention Defendant Alexander in the Motion for Extension or his efforts to locate a valid address for service. *See* Docs. 35, 37. Accordingly, it appears that Defendant Alexander is due to be dismissed along with the City of Ocoee. *See* Fed.R.Civ. 4(m).

**III. Motion to Alert (Doc. 36)**

Besides service, Plaintiff has filed a request for the Court to take notice of wrongdoing and seeks a related order. Doc. 36. Plaintiff states in a vague manner that officers of the Orlando Police Department have engaged in "persistent and targeted harassment" by photographing and disseminating "Plaintiff's identification." *Id*. at 1. Plaintiff contends that there is a "cohesive group of officers who prioritize internal allegiances over constitutional mandates." *Id*. Plaintiff moves for the Court to order the Orlando Police Department to preserve all electronic records,

including personal device data and communications, related to the surveillance of the Plaintiff" and "grant such protective measures as the Court deems necessary to ensure the Plaintiff may pursue justice without the threat of physical harm or further state-sanctioned intimidation." *Id*. at 2.

The Motion is due to be denied because it also fails to comply with Rule 11 and Local Rule 1.08. Again, Plaintiff has not signed the filing and only types his name, and the single-spaced format is improper. *See* Fed.R.Civ.P. 11(a); Local Rule 1.08. Further, Local Rule 3.01(b) provides that, "A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Plaintiff does not provide a memorandum in support of his request, nor does he provide a legal basis for the relief. As such, Plaintiff's "Motion to Alert" is deficient.

## IV. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. the Motions for Assistance and Motion to Alert (Docs. 35, 36) are **DENIED without prejudice**;
2. the Motion for Extension (Doc. 37) is **GRANTED in part** to the limited extent that Plaintiff shall have an additional 60 days to serve Defendants Wagner and Bode. With respect to their service:

a. **on or before September 18, 2026**, Plaintiff shall complete and return to the Court the summonses and Marshal 285 forms for Defendants Wagner and Bode;[3] and

b. upon receipt of the completed summonses and forms for Defendants Wagner and Bode, the Clerk is **DIRECTED** to provide the completed summonses and forms to the Marshals Service, and upon receipt of the completed summonses and forms from the Clerk, the Marshals Service is **DIRECTED** to serve the summonses and Amended Complaint without cost to Plaintiff in compliance with Rule 4(e); and

3. the remainder of the Motion for Extension (Doc. 37) is **DENIED**.

4. **on or before September 14, 2026**, Plaintiff shall show cause why the case against Defendants City of Ocoee and Alexander should not be dismissed pursuant to Fed.R.Civ.P. 4.

Ordered in Orlando, Florida on September 4, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

[3] Again, the Court already directed the Clerk to mail summonses and Marshal 285 forms to Plaintiff to allow Plaintiff to perfect service on Defendants Wagner and Bode. Doc. 32. Plaintiff did not return the summonses or forms and instead filed the Motion for Assistance.