UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION,

**JONATHAN HUMPHRIES EL,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-1125-JSS-DCI**

**ORLANDO POLICE DEPARTMENT., et. al.,**

**Defendants.**
/

**ORDER**

This case is before the undersigned to consider Plaintiff's request for an extension of time to respond to a Court's order and renewed request for assistance with service of process. Doc. 39 (Motion). Relief is not warranted. Jonathan Humphries El (Plaintiff), proceeding *pro se*, initiated this case pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and moved for leave to proceed as a pauper. Doc. 1, 10. The undersigned recommended that Plaintiff's motion for leave to proceed as a pauper be denied and the Complaint be dismissed without prejudice with leave to amend. Doc. 12. Plaintiff subsequently filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against the City of Ocoee Municipal Corporation (the City of Ocoee), Officer Joshua Bode (Bode), Sergeant William Wagner (Wagner), Seargeant Michael Alexander (Alexander), and other unknown law enforcement officers. Doc. 13. On September 15, 2025, the Court adopted the undersigned's recommendation, dismissed the Complaint without prejudice, denied the motion for leave to proceed as a pauper, and accepted Plaintiff's Amended Complaint and Amended Motion to Proceed *In Forma Pauperis* as timely filed. Doc. 15.

Issues related to service of process followed, and Plaintiff sought assistance from the Court to locate Defendants Wagner and Bode and moved for an extension of time to effect service. *See* Docs. 18, 19, 22, 29, 32, 37.[1] On September 4, 2026, the undersigned denied the request for assistance but extended the time to serve Defendants Wagner and Bode. Doc. 38. The undersigned set a deadline for Plaintiff to return to the Court the summonses and Marshal 285 forms for Defendants Wagner and Bode and directed Plaintiff to show cause why the case against Defendants City of Ocoee and Alexander should not be dismissed pursuant to Fed.R.Civ.P. 4. *Id*.

Plaintiff did not file the service forms for Defendants Wagner and Bode and did not file a response to the order to show cause. Plaintiff, however, filed the Motion entitled "Motion for Extension of Time to Respond to Order to Show Cause Due to Delayed Mail and Renewed Request for Assistance of the United States Marshal." Doc. 39. Plaintiff states that delivery of the September 4, 2026 order was "significantly delayed due to postal transit times and delivery lags affecting unrepresented litigants." *Id*. at 1. Plaintiff, therefore, seeks an extension of time to respond and renews the request for assistance to serve Defendants Wagner, Bode, and Alexander.[2] *Id*.

The Motion is due to be denied for two reasons. First, Plaintiff has failed to comply with the Local Rules of this Court. In the September 4, 2026 order, the undersigned found that

---

[1] The undersigned granted Plaintiff's Amended Motion for Leave to Proceed *In Forma Pauperis* and directed Plaintiff to comply and return the summonses and Marshal 285 forms. Doc. 18.

[2] Although Plaintiff's previously filed motion for assistance related only to Defendants Wagner and Bode, Plaintiff now states in the Motion: "While the Court's previous order noted that individual addresses must generally be supplied by a plaintiff for personal service, Plaintiff respectfully requests that the U.S. Marshals Service utilize its available administrative or inter-agency investigative capabilities to obtain the valid service locations for the remaining individual Defendants (specifically concerning Sergeant Michael Alexander and other relevant parties)." Doc. 39 at 1. Accordingly, Plaintiff includes Defendant Alexander in the renewed request.

Plaintiff's motion for extension, motion for assistance, and "motion to alert" were improper filings because Plaintiff failed to comply with Local Rule 1.08(a), which provides the typographical requirements for motions. Doc. 38 at 2, 4-5, 7. The undersigned also denied the "motion to alert" because Plaintiff did not include a legal memorandum in support of the request or provide the legal basis for relief in violation of Local Rule 3.01(b). *Id.* at 7. The Motion suffers from the same flaws. Again, Plaintiff has filed a single-spaced document in violation of Local Rule 1.08(a) and fails to include a statement of the basis for the request or a legal memorandum in violation of Local Rule 3.01(b). The Motion is, therefore, deficient.

Second, Plaintiff has since filed another pleading and names only the Orlando Police Department, Officers (Unknown Names), and Other Unknown Law Enforcement Officers. Doc. 40. The Court, therefore, terminated Defendants City of Ocoee, Alexander, Bode, and Wagner from the case. As such, Plaintiff's request for an extension of time to respond to the order to show cause and renewed request to assist in service of Defendants Wagner, Bode, and Alexander is moot.

Based on the foregoing, it is **ORDERED** that:

1. the Order to Show Cause (Doc. 38) is **DISCHARGED**; and
2. the Motion (Doc. 39) is **DENIED**.

Ordered in Orlando, Florida on October 20, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties